# STATE OF MICHIGAN

# COURT OF APPEALS

---

CINDY WHITNEY,

        Plaintiff,

and

AMERICAN SURGICAL CENTERS I, INC., and
AMERICAN SURGICAL CENTERS II, INC.,

        Intervening-Plaintiffs,

v

COURTNEY SCHULTZ, JOHN DOE, and
AMERICAN COUNTRY INSURANCE
COMPANY,

        Defendants,

and

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

DENNIS KAWECKI and TIMELY
TRANSPORTATION LLC,

        Third-Party Defendants,

and

CARLA AIKENS,

        Third-Party Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 338094
Wayne Circuit Court
LC No. 12-009385-NI

---

Before: M.J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

FORT HOOD, J. (*concurring in part and dissenting in part*).

-1-

I agree with the majority that the trial court's December 12, 2016 order should be affirmed to the extent that it determines that Carla Aikens should be sanctioned. However, I would vacate the portion of the trial court's order requiring Aikens to pay $23,897.78 in Allstate's attorney fees as a sanction and remand to allow the trial court the opportunity to reconsider the reasonableness of the amount of the attorney fees imposed as a sanction against Aikens. I therefore dissent on that basis.

Under the circumstances of this case, I agree with the majority that the trial court correctly utilized its inherent authority to sanction Aikens, an officer of the Court, for her misconduct and wrongdoing in this case. However, Aikens also challenges on appeal the amount of the sanctions imposed against her, the $23,897.78 in attorney fees that Allstate alleges it incurred as a result of her misconduct. This amount is nothing short of outrageous. My review of the record evidence demonstrates that the sanctions that the trial court ordered are not just, fair or proportionate, particularly under the circumstances of this case, where the record reflects that Aikens was not solely responsible for (1) the dismissal of plaintiff's claim against American Country Insurance Company (American County) and (2) Allstate having to defend this litigation against plaintiff. Instead, the record confirms that the actions and inactions of others involved in the lower court proceedings contributed to and resulted in these outcomes. Therefore, on the basis of the analysis set forth below, I would remand to allow the trial court the opportunity to fashion a more proportionate and just award of sanctions against Aikens.

In the context of the award of discovery sanctions, this Court has cautioned that an award of sanctions must be "proportionate and just[.]" *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 662; 819 NW2d 28 (2011). Moreover, the *Chambers* Court recognized that "[b]ecause of their very potency, inherent powers must be exercised with restrain and discretion." *Chambers v NASCO, Inc*, 501 US 32, 44; 111 S Ct 2123; 115 L Ed 2d 27 (1991). Similarly, in the context of MCR 2.114(E),[1] this Court has observed that the plain language of the court rule does not allow for "punitive damages." *Kaeb v Kaeb*, 309 Mich App 556, 565; 873 NW2d 319 (2015); see also *Vittiglio v Vittiglio*, 297 Mich App 391, 408; 824 NW2d 591 (2012) (recognizing that attorney fees awarded as a sanction pursuant to MCR 2.114(E) must be "reasonable.")

During the December 10, 2015 evidentiary hearing, Allstate provided the trial court with its invoices for services rendered from November 19, 2012 until March 6, 2014, asserting that all such fees were attributable to Aikens's actions in not tendering Timely Transportation's proof of insurance coverage. Notably, the record reflects that Aikens tendered the correct requested certificate of insurance to Allstate's counsel on May 20, 2013. This followed Aikens providing a certificate of insurance to Allstate's counsel on February 20, 2013, which was for the wrong year, with the policy period ending in 2012, as opposed to 2011.

For reasons unclear from the record, counsel for Allstate did not contact Aikens regarding obtaining the correct certificate of insurance coverage, but on April 19, 2013, Allstate filed a motion seeking leave to file its third-party claim against Aikens, Dennis Kawecki and Timely

---

[1] MCR 2.114 was repealed effective September 1, 2018. Michigan Supreme Court Order, Adm File No. 2002-37 (May 30, 2018), 501 Mich cxx, cxxxvii

Transportation. Third-party defendants subsequently filed a motion for summary disposition of Allstate's third-party claim against them, asserting that plaintiff's claim for no-fault benefits was appropriately directed against American Country. For reasons unclear from the record, plaintiff did not take action to amend her complaint to add American Country to the litigation and allege claims against it until December 20, 2013. As a consequence, American Country successfully moved for summary disposition of plaintiff's claims against it pursuant to MCR 2.116(C)(7) on the basis that the statute of limitations had expired.[2] Aside from plaintiff's statements in her deposition and during the evidentiary hearing that she had a conversation with Aikens shortly after the November 29, 2011 motor vehicle accident, the record is also relatively unclear with respect to what actions plaintiff and her counsel, during the time period of November 29, 2011 until November 29, 2012, undertook to ascertain whether Timely Transportation was in fact insured.[3] It is also not clear from the record why counsel for Allstate did not contact Aikens regarding its inquiries with respect to the insurance coverage for Timely Transportation before November 19, 2012. This is particularly so where counsel for Allstate, Karen Magdich, acknowledged at the evidentiary hearing that her firm was aware of plaintiff's claim against Allstate with respect to the November 29, 2011 accident when plaintiff's complaint was filed on July 16, 2012. Magdich went on to testify that her firm did not undertake efforts before November 19, 2012 to ascertain the insurance coverage for Timely Transportation because she was "trusting [the law firm representing plaintiff] to deal with it." Aikens testified during the evidentiary hearing that aside from a telephone call with predecessor counsel for plaintiff in the spring of 2012, she did not receive any telephone or written communication from plaintiff's counsel requesting confirmation of Timely Transportation's insurance coverage. While the trial court stated on the record while rendering its factual findings during the December 10, 2015 evidentiary hearing that the "expenditures in the bill" submitted by Allstate for its attorney fees were not challenged, this is not entirely accurate. My review of the evidentiary hearing transcript confirms that counsel for Aikens strenuously challenged whether Aikens should be held responsible for the actions or inactions of counsel for Allstate and plaintiff.

Moreover, to the extent that Allstate asserts that the attorney fees it incurred from November 2012 until March 2014 arose solely by reason of Aiken's misconduct, this assertion is perplexing where it is uncontroverted that Aikens provided the requested insurance information by May 20, 2013. Therefore, as of that date, Allstate was certainly in a position to inform plaintiff of her correct recourse against American Country as the insurer in priority to provide her no-fault benefits, and it is unclear from the record why plaintiff did not pursue that recourse. It is also not clear why it took six months for Allstate, after receiving a copy of the requisite insurance policy from Aikens in February 2013, although for an incorrect policy period, to file a motion for summary disposition seeking to be removed from the litigation in the trial court.[4] In

---

[2] The trial court's order granting the summary disposition motion of American Country was entered March 31, 2014.

[3] The trial court observed on the record during the December 10, 2015 evidentiary hearing that predecessor counsel for plaintiff certainly "could have taken further efforts" to ascertain the requisite insurance coverage but apparently did not do so because Allstate insured plaintiff.

[4] Allstate filed its partial motion for summary disposition on August 15, 2013.

any event, where the trial court's stated reasoning for imposing such significant attorney fees against Aikens was based on its conclusion that Aikens alone bore responsibility for (1) the dismissal of plaintiff's claims against American Country and (2) Allstate's attorney fees in litigating this cause of action, this reasoning is not supported by the record. Accordingly, whether Allstate's claimed attorney fees are in fact reasonable hinges on whether they are properly attributed to dilatory tactics on the part of Aikens. In its December 12, 2016 order requiring Aikens to pay $23,897.78 in attorney fees, the trial court observed, in pertinent part, as follows:

> Aikens failure to produce the [insurance policy for Timely Transportation] forced Allstate to perform further needless investigation, incur costs, expense, time and efforts to determine the priority of coverage for the accident.

> * * *

> As a direct result of this action [plaintiff] lost her potential lawsuit and Allstate was compelled to expend unnecessary time, effort, energy and money defending a motor vehicle accident it was not legally obligated to defend.

I would remand to the trial court with directions that it reconsider its award of sanctions against Aikens and in doing so, that it specifically determine whether the attorney fees that Allstate claims that it is entitled to as sanctions were in fact caused by (1) Aikens's failure to produce the insurance information for Timely Transportation, or (2) actions or inaction that can be attributed to other parties or counsel in the case.

/s/ Karen M. Fort Hood